IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AYSHEH, INC.,

        Plaintiff,

vs.                                                    Civil No. 04-966 BB/WDS

MARYLAND CASUALTY
COMPANY,

        Defendant.

## PLAINTIFF AYSHEH, INC.'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff Aysheh, Inc., by and through the undersigned counsel, JORDAN & ROSEBROUGH, P.C., and hereby submits its proposed findings of fact and conclusions of law:

**I.    PROPOSED FINDINGS OF FACT**

    1.    This Court has jurisdiction over this dispute.

    2.    Plaintiff Aysheh, Inc. owns Gallup Indian Plaza.

    3.    Plaintiff Aysheh, Inc. was represented in these transactions by its owner, Rafat Aysheh, and by Rafat Aysheh's father, Mohammed Aysheh. Neither completed high school. Mohammed Aysheh does not read or write English.

    4.    Defendant Maryland Casualty Company issued policy no PPS37802148, hereinafter "Policy," to Plaintiff to cover the Gallup Indian Plaza.

    5.    Plaintiff purchased the Policy from Defendant's insurant agent in Gallup, Bubany Insurance Agency, Inc.

1

6. Defendant's agent assured Plaintiff that the policy would cover all potential problems with the subject property, "A to Z."

7. The agent expressly assured Plaintiff that flood damages were covered. Based on these assurances, Plaintiff purchased the policy, paid all preminums due under the policy, and performed all other conditions the policy required it to perform.

8. The Policy includes coverages for (1) commercial property; (2) commercial general liability; and (3) commercial umbrella coverage.

9. Plaintiff's reasonable expectations are part of the Policy.

10. The policy also expressly includes coverage of loss as follows: "But if water, as described in A.1.g.(1) through (4) results in fire, explosion, or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage."

11. In May 2002, Plaintiff provided a property loss notice concerning property damage to a building and parking lot from a severe water leak from a spinkler system.

12. Although Defendant has made small payments on this claim, Defendant has refused to pay the full amount of the claim.

13. Specifically, Defendant refused to pay these estimates to complete the repairs.

| | |
|---|---|
| PC & M Const. Co. | $ 306,665.00 |
| Mataya Const. | $ 338,200.00 |
| W.W. Const. | $ 249,184.00 |
| J.W. Industries | $ 254,758.00 |

## II. PROPOSED CONCLUSIONS OF LAW

1. The policy expressly covers damage from water leaks from a spinkler system.

2. All damages resulted from water that leaked from Plaintiff's sprinkler system. The policy expressly covers this damage.

2

3. There is some ambiguity in the coverage in light of language apparently declining to repair "paved surfaces." If the paved surface was damaged by a leak in the sprinkler system, these provisions would conflict.

4. A reasonable person could conclude that the more specific inclusion trumps the broader exclusion. Thus, the Policy language is ambiguous because it is fairly susceptible of two different constructions by reasonably intelligent men. *Alvarez v. Southwestern Life Ins. Co., Inc.*, 523 P.2d 544 (N.M. 1994).

5. Ambiguous policies are resolved in favor of the insured, *Federal Ins. Co. v. Century Federal Sav. & Loan Ass'n*, 824 P.2d 302 (N.M. 1992).

6. The Policy expressly covered the damges herein.

7. Alternatively, this matter is resolved under the doctrine of reasonable expectations. Defendant sold Plaintiff the Policy after Plaintiff had been told by Defendant's agent that it would cover all potential problems with the subject property, "A to Z."

8. More importantly, Defendant's agent assured Plaintiff that flood damage was covered under the Policy.

9. Under these circumstances, the doctrine of reasonable expectations is to be invoked because the representations of the insurance company lead the insured to reasonably expect coverage. See, e.g., *Barth v. Coleman*, 118 N.M. 1, 5 (1994), *Martinez v. Allstate Ins. Co.*, 124 N.M. 36. (Ct. App.), cert denied, 124 N.M. 226 (1997). Moreover, the doctrine is also available because the "dynamics of the insurance transaction" make way for its application. *Barth*, 118 N.M. at 5.

10. The Court concludes that Defendant is liable to Plaintiff for the full amount of the damages set forth in the Findings of Fact. Plaintiff shall indicate to Plaintiff the particular

estimates that Plaintiff intends to accept, and Defendant shall pay upon receipt of an invoice from the contractors.

RESPECTFULLY SUBMITTED this 22nd day of August, 2005.

JORDAN & ROSEBROUGH, P.C.

*/s/ David R. Jordan*

David R. Jordan
Attorney for Petitioner
101 W. Aztec Ave., Suite A
P.O. Box 840
Gallup, New Mexico  87305-0840
(505) 722-9121
(505) 722-9490 Fax

We hereby certify that a COPY of the foregoing was mailed this 22nd day of August, 2005 to:

Seth L. Sparks
RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A.
Attorneys for Defendant Maryland Casualty
P.O. Box 1888
Albuquerque, NM 878103

*/s/ David R. Jordan*

By David R. Jordan

4